IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GORDON PETERSON, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL IDAHO HOMES AND PROPERTIES, et al.,<br><br>        Defendants. | Case No. CV08-287-S-EJL<br><br>MEMORANDUM ORDER |

Before the Court in the above entitled matter is Defendants' motion to dismiss for lack of subject matter jurisdiction. The motion was filed on February 6, 2009 and the time for filing any response has expired. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**STANDARD OF LAW**

"The jurisdiction of the federal courts is limited to 'cases' and 'controversies.'" Oregon v. Legal Services Corp., 552 F.3d 965, 969 (9th Cir. 2009) (quoting U.S. Const., Art. III, sec. 2). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. (quoting Fed. R. Civ. P. 12(h)(3)). "An objection that a federal court lacks subject matter jurisdiction may be raised at any time, even after trial and the entry of judgment." Id. (citation omitted).

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity

MEMORANDUM ORDER - Page 1
09ORDERS\PETERSON_DIS.WPD

of citizenship between the parties and the amount in controversy exceeds $75,000." Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (citing 28 U.S.C. §§ 1331, 1332(a)).  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Id.

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. Id. On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." Id.  When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987).  When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Thornhill, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims ." Thornhill, 594 F.2d at 733 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial."

Augustine, 704 F.2d at 1077 (citing Thornhill, 594 F.2d at 733-35). This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

## DISCUSSION

Plaintiffs Gordon and June Peterson and Ted and Jennel Pappas filed this action against the Defendants Prudential Idaho Homes & Properties, Inc., Miranda and John Doe Henning, Kent and Cindy Collins, Westerra Real Estate Group, Inc., Jeffrey and Jane Doe Hammack, and Ken and Jill Stutzman. The suit is brought before this Court upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) alleging that the parties are diverse and the amount in controversy exceeds the statutory minimum of $75,000 exclusive of interest and costs. The instant motion contends that the amount in controversy does not exceed $75,000.

The action seeks damages resulting from the Plaintiffs' purchase of certain real property in Twin Falls County, Idaho from the Defendants. The dispute centers around the lot purchased by Plaintiffs in the Hidden Lakes Subdivision in Twin Falls County, Idaho which Plaintiffs alleged was represented by the Defendants to be the last "canyon rim property" within the subdivision. The lot was listed for $110,000. The parties entered into negotiations and eventually agreed upon a purchase price of $95,000. The parties closed on the property on April 14, 2006. In mid-2007 Plaintiffs decided to sell the lot and contracted with Defendants Henning and Prudential as their real estate agents. The property was listed for $149,000 but did not sell. Plaintiffs changed listing brokers but still were unable to sell the property. In April of 2008, Plaintiff Gordon Peterson sought out another listing agent who conducted a review of the title report and lot maps and allegedly discovered that the lot was not a "canyon rim" lot and was not the lot Plaintiffs thought they had purchased. As a result, Plaintiffs demanded return of the $95,000 which Defendants refused.

Plaintiffs then initiated this lawsuit alleging claims for fraud, misrepresentation, and deceit; breach of fiduciary duty; breach of contract and of the implied contract of good faith and fair dealing; and rescission of purchase and sale agreement. Defendants filed answers to the complaint. Thereafter, Defendants Prudential, Henning, and Collins filed the instant motion to dismiss. Defendants Westerra, Hammack, and Stutzman filed a joinder in the motion. The motion to dismiss is made based upon the fact that as of January 5, 2009 the Plaintiffs have listed the property for sale

for $58,000. Thus, the Defendants argue, the amount in controversy in this matter does not satisfy the jurisdictional minimum and the Court lacks subject matter jurisdiction.

The factual allegations in the complaint met the amount in controversy requirement. However, the facts conveyed by the Defendants taking place subsequent to the complaint now demonstrate that the amount in controversy no longer satisfies the statutory minimum. The Defendants argue that Plaintiffs' listing of the property for $58,000 reduces their possible damages below the statutory minimum as the recovery would be the fair market value of the property less the $95,000 paid. See Walston v. Monumental Life Ins. Co., 923 P.2d 456 (Idaho 1996). In Walston, the Idaho Supreme Court noted that Idaho generally follows the "out-of-pocket" rule in fraud cases "which limits the recovery of damages to the difference between the real value of the property purchased and the price paid or contracted for." Id. (citing Shrives v. Talbot, 421 P.2d 133, 140 (Idaho 1966)). However, the Court also noted "the existence of a different measure of damages-the 'benefit-of-bargain' rule-under which the damages allowed are the difference between the real value of the property purchased and the value which it would have had the representations been true...." Id.; see also Watts v. Krebs, 962 P.2d 387, 392 (Idaho 1998). "The underlying principle is that the victim of fraud is entitled to compensation for every wrong which is the natural and proximate result of the fraud." Id.

In this case Plaintiffs seek unspecified damages and have raised a cause of action for rescission of the purchase and sale agreement. (Dkt. No. 1). The prevailing damages award in Idaho for fraud is the out-of-pocket expenses measure. Based on the current listing price of the property at issue in this case, the out-of-pocket measure of damages would be below the statutory minimum amount. Further, Plaintiffs have not filed a response to the motion. The Local Rules of Civil Practice before the United States District Court for the District of Idaho provide in relevant part:

> The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.

D. Id. L. Civ. R. 7.1(c)(1)(emphasis added). Failure to file a response may be deemed to constitute consent to the granting of the pending motion. D. Id. L. Civ. R. 7.1(e). A motion to dismiss can

be granted for failure to comply with local rules. Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Id. at 53 citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).[1]  The Court has weighed the considerations noted by the Ninth Circuit and finds that dismissal of this matter is appropriate.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendants' Motions to Dismiss (Docket Nos. 20, 21) are **GRANTED**. The Complaint is **DISMISSED IN ITS ENTIRETY**.

DATED: **March 11, 2009**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] The Court acknowledges a motion for summary judgment may not be dismissed for failure to comply with local rules.  See Marshall v. Gates, 44 F.3d 722, 725 (9th Cir.1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993).